# EXHIBIT "A"

# THE WEBB LAW GROUP, L.L.C.

2625 CUMBERLAND PARKWAY, S.E. • SUITE 220 • ATLANTA, GEORGIA 30339

(770) 444-9325 • (770) 444-0271 (facsimile)

Author's Direct Dial:
(770) 444-0773

Email Address:
webbllc@bellsouth.net

January 23, 2006

**VIA FACSIMILE AND REGULAR MAIL**
Mr. Joe McInnes
Director, Alabama Department of Transportation
1409 Coliseum Blvd.
Montgomery, Alabama 36110

Mr. Chris Hilyer
District Engineer, Sixth Division
Alabama Department of Transportation
1525 Coliseum Boulevard
P.O. Box 8008
Montgomery, Alabama 36110

*[handwritten: See 23, 1-275(e) Minty]*

Re: Five Outdoor Advertising Sign Applications in City of Milbrook by Action Outdoor Advertising JV, LLC ("Action Outdoor")

Dear Sirs:

I write on behalf of my client Action Outdoor to clarify the current status of five outdoor advertising sign applications to be located along Interstate 65 in the City of Milbrook on the property of Jon P. Strength. After reviewing the documentation and regulations and conversing with several members of the Department, we have concluded that, for purposes of Alabama Code § 41-22-12 *et seq.*, there has been no final order or decision from the Department at this time. In an abundance of caution, however, in case the Department later takes a different position, I am filing simultaneously herewith Action Outdoor's request for hearing pursuant to § 41-22-12.

A summary of the procedural background of this matter supports our conclusion that the Department's ruling is not yet final. The applications were initially submitted to the DOT in March of 2005. The DOT's District Engineer, S.T. Wright, formally recommended that each of the five applications be approved. On October 21, 2005, the permits were indeed granted. Permit Numbers OA-6-1-392, 393, 394, 395, and 396 were assigned to the locations.

For unknown reasons, the DOT decided to reconsider the issuance of the permits prior to even notifying Action Outdoor that the permits had been issued. On December 29, 2005, S.T. Wright sent a letter to Action Outdoor stating that "[t]hese permit requests have been denied." He alleged that the basis for denial was that "the adjacent land is zoned and being used for residential purposes." He further stated: "Because access to the proposed signs is from residential property, the requested permits cannot be granted." No regulation was cited to support these rulings and our research has determined that no such regulations exist.

Mr. Joe McInnes
Mr. Chris Hilyer
January 23, 2006
Page 2

      Action Outdoor immediately made inquiries with Mr. Wright, Mr. Butch Mann, and Mr. Hilyer regarding the improper basis for denial. No DOT official could cite any regulation to support the denials. Mr. Hilyer did, however, promise that a meeting would be held between himself and the owners of Action Outdoor to discuss the denials. Although several days have passed and my clients have inquired about the meeting date and time, no meeting has been set.

      Our office began to make inquiries about the formal status of this matter on January 13, 2006. Several calls to various DOT officials have been made and the consensus has been that the DOT continues to review this matter and will make its final decision soon.

      I have reviewed the particulars of each of the five locations closely and have found no provision of state law or regulation that would be violated by any of the signs. For example, there is absolutely no support for Mr. Wright's comments that billboards are not allowed on property adjacent to residentially zoned property. Further, there is no state requirement that access to the signs be through commercial land. If either of these provisions were the case, then many hundreds of signs have been permitted illegally by the state and would need to be cited by the Department and removed.

      In actuality, Action Outdoor's signs are to be located immediately adjacent to Interstate 65. As such, the Department's concern over the impact to the residences is not well taken. These homes back up to the Interstate <u>and</u> commercially zoned property and their owners clearly did not expect bucolic surroundings. Moreover, Mr. Strength, whose family previously owned the residential property, and who owns the commercial parcel where the signs will be located, left a 60-foot wide dedicated access drive to allow for access to his commercial property. Mr. Strength is entitled under Alabama law to maintain access to his parcel. Thus, there does not appear to be a legitimate basis to deny the applications.

      I hope that you will promptly schedule a meeting with my clients. Such a meeting will allow them to conclusively show that the sign locations comply with all DOT regulations. In the spirit of accommodation, my clients have even informed me that they are now willing to slide each of the locations 168 feet further south (that is, further away from the residential parcels). Even though this is not required, it should indicate to the Department my clients' good faith.

      If you determine that a final denial has already been issued, then please contact me immediately or have your counsel do so. If such is the case, please accept and process the attached/enclosed request for hearing. We look forward to hearing from you and to resolving this apparent misunderstanding.

      Sincerely,

      E. Adam Webb

Mr. Joe McInnes
Mr. Chris Hilyer
January 23, 2006
Page 3

EAW/dc

Attachment/Enclosure

cc:  Jim Ippolito, Esq., Chief Counsel to DOT (via fax and regular mail w/ attachment)
     Mr. Randy Braden, Asst. State Maint. Engineer (via fax and regular mail w/ attachment)
     Mr. Johnny Johnson (via fax and regular mail w/ attachment)