# EXHIBIT "B"

TO THE ALABAMA DEPARTMENT OF TRANSPORTATION

|  |  |
|---|---|
| ACTION OUTDOOR ADVERTISING J.V., LLC, and JON P. STRENGTH,<br><br>  Applicants,<br><br>v.<br><br>DEPARTMENT OF TRANSPORTATION,<br><br>  Respondent. | PERMIT NUMBERS OA-6-1-392,<br>OA-6-1-393, OA-6-1-394,<br>OA-6-1-395, and OA-6-1-396 |

### REQUEST FOR HEARING

Pursuant to Alabama Code § 41-22-12, Applicants Action Outdoor Advertising J.V., LLC ("Action Outdoor") and Jon P. Strength ("Mr. Strength"), hereby request a hearing in regard to the above-referenced permits that have been revoked/denied by the Department of Transportation by letter dated December 29, 2005.

### STATEMENT OF FACTS

Action Outdoor has entered into lease agreements with Mr. Strength whereby Action Outdoor is permitted to erect five outdoor advertising signs on Mr. Strength's property in the City of Milbrook fronting on Interstate 65. Mr. Strength's property was commercially zoned by the City of Milbrook at the time it was annexed into the City. Action Outdoor submitted applications for the five signs to the DOT in March of 2005. The DOT's District Engineer, S.T. Wright, formally recommended that each of the five applications be approved. On October 21, 2005, the permits were indeed granted. Permit Numbers OA-6-1-392, 393, 394, 395, and 396 were assigned to the locations.

For unknown reasons, the DOT decided to reconsider the issuance of the permits prior to even notifying Action Outdoor that the permits had been issued. On December 29, 2005, S.T.

Wright sent a letter to Action Outdoor stating that "[t]hese permit requests have been denied." He alleged that the basis for denial was that "the adjacent land is zoned and being used for residential purposes." He further stated: "Because access to the proposed signs is from residential property, the requested permits cannot be granted." No regulation was cited to support these rulings and our research has determined that no such regulations exist.

Action Outdoor immediately made inquiries with Mr. Wright, Mr. Butch Mann, and Mr. Hilyer regarding the improper basis for denial. No DOT official could cite any regulation to support the denials.

## GROUNDS FOR REVERSAL AT HEARING

No provision of state law or regulation prohibits any of the requested signs. There is absolutely no support for Mr. Wright's comments that billboards are not allowed on property adjacent to residentially zoned property. Further, there is no state requirement that access to the signs be through commercial land. If either of these provisions were the case, then many hundreds of signs have been permitted illegally by the state and would need to be cited by the Department and removed.

Rather, the proposed signs comply with each and every regulation of the Department, to include size, height, spacing, and zoning requirements. As such, the permits should be reinstated promptly.

## CONCLUSION

Applicants request that a hearing be held as soon as practicable to determine whether or not the Permits Numbered OA-6-1-392, 393, 394, 395, and 396 will be reinstated to allow for the erection of five outdoor advertising signs.

DATED this 23rd day of January, 2006.

          Respectfully submitted,

BY: THE WEBB LAW GROUP, L.L.C.

    _____
    E. Adam Webb
     Georgia State Bar No. 743910
    G. Franklin Lemond, Jr.
     Georgia State Bar No. 141315
    Drago Cepar
     Georgia State Bar No. 142362

2625 Cumberland Parkway, S.E.
Suite 220
Atlanta, Georgia 30339
(770) 444-0773
(770) 444-0271 (fax)

Attorneys for Defendant

3