IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| ACTION OUTDOOR ADVERTISING J.V., LLC., | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) CASE NO. 2:06cv426-DRB ) |
| JOE MCINNES, et al., | ) ) |
| Defendant. | ) |

**BRIEF ON DEFENDANTS' MOTION TO DISMISS**

**COMES NOW** Defendants McInnes, Braden, and Hilyer, as employees of Alabama Department of Transportation (hereinafter "ALDOT"), and, without waiving any other affirmative defenses, moves this Honorable Court to dismiss all claims against them with prejudice on the following grounds:

**LEGAL ARGUMENT**

**I.    Plaintiffs failed to exhaust their administrative remedies.**

Plaintiff Action Outdoor Advertising J.V., LLC ("Action Outdoor") is a limited liability corporation asserting claims arising from five permit applications submitted to the Alabama Department of Transportation ("ALDOT") for the erection of outdoor advertising billboards.

Plaintiff Jon P. Strength ("Strength") is an individual who owns the property that Action Outdoor proposes to use to erect five outdoor advertising billboards.

The Plaintiffs' entire complaint filed on May 10, 2006, centers around the fact that ALDOT had failed to provide a ruling on the billboard permit applications submitted to it by Action Outdoor. Predicated on ALDOT's failure to rule, the Plaintiffs requested relief against

(1) Joe McInnes, the Director of the Department, (2) Randy Braden, the Assistant State Maintenance Engineer, and (3) Chris Hilyer, a District Engineer (the specifically named "ALDOT employees") for:

 (1) violation of their Equal Protection rights,

 (2) violation of their Due Process rights,

 (3) violation of their First Amendment rights,

 (4) mandamus relief, and

 (5) injunctive relief.

The Plaintiffs have sued these ALDOT employees in both their individual and official capacities and requested compensatory relief.

However, ALDOT prepared and provided a final ruling denying the billboard permit applications on June 20, 2006. (*See Exhibit A*). Due to ALDOT's decision to deny the applications, the Plaintiffs' complaint is premature, as they must first seek an available administrative remedy. *Covin v. Alabama Bd. of Examiners in Counseling*, 712 So.2d 1103 (Ala. Civ. App. 1998) (only after aggrieved parties have exhausted all administrative remedies are they entitled to judicial review); *see also* ALA. CODE § 41-22-20(a) (1975).

Alabama recognizes that persons are not entitled to judicial relief until all other remedies have been fully exhausted. *In re Graddick*, 495 So. 2d 1367, 1372 (Ala. 1986). The courts should not interfere until the administrative process has run its course. *Fraternal Order of Police, Strawberry Lodge # 40 v. Entrekin*, 314 So. 2d 663 (Ala. 1975). Plaintiffs must provide ALDOT with an opportunity to correct any errors, if any, with its decision. *In re Graddick*, 495 So. 2d 1367, 1372 (Ala. 1986).

Toward that end, the Plaintiffs' administrative remedy can be found in the Alabama Administrative Procedure Act ("AAPA").  ALA. CODE § 41-22-1 et seq. (1975).  The AAPA is designed to "provide a minimum procedural code for the operation of all state agencies when they take action affecting the right and duties of the public."  ALA. CODE § 41-22-2(a) (1975). ALDOT, as a state agency with express statutory authority to promulgate rules and regulations, is governed by the AAPA.  ALA. CODE § 41-22-2(d) (1975).

Since ALDOT's final ruling dated June 20, 2006, Plaintiffs have failed to use the procedures available in AAPA to challenge ALDOT's decision to deny the billboard permits. Accordingly, the doctrine concerning the failure to exhaust administrative remedies bars this action.  *Alabama Department of Transportation v. Blue Ridge Sand and Gravel, Inc.,* 718 So. 2d 27 (Ala. 1998).  In *Blue Ridge*, the Court found that plaintiffs failed to exhaust their administrative remedies with the Department of Transportation because they did not follow the procedures set out in the AAPA.  *Id.* at 32.  Like those plaintiffs, Plaintiffs here have failed to utilize the administrative remedies available to them pursuant to AAPA.

Specifically under § 41-22-12 of the Code of Alabama, Action Outdoor may be afforded a hearing with ALDOT, if such a hearing is requested, now that a formal denial has been entered. The AAPA allows the Plaintiffs in this case to initiate a hearing by filing a notice of appeal with ALDOT within 30 days of the receipt of notice of its decision and by posting with the agency a bond for costs.  See ALA. CODE § 41-22-20(b)(d); *Covin v. Alabama Bd. of Examiners in Counseling*, 712 So.2d 1103 (Ala. Civ. App. 1998).

The Defendants seek dismissal of this entire lawsuit on the basis that Plaintiffs have not utilized the proper administrative process to appeal the denial of the billboard permits.

3

> II. **Defendants enjoy immunity from suit as employees of the Alabama Department of Transportation.**

Not only should this case be dismissed on the basis of Plaintiffs' failure to exhaust an administrative remedy, but it should also be dismissed on the basis on immunity that is extended to these ALDOT employees.

The Constitution of the State of Alabama protects state agencies and its employees, like those named in this lawsuit. "[T]he State of Alabama shall never be made a defendant in any court of law or equity." Ala. Const. Art. I, § 14. This section serves as a "wall of immunity" which protects the State and its agencies from "almost every conceivable type of suit." *Haley v. Barbour County*, 885 So. 2d 783, 788 (Ala. 2004) (citation omitted). ALDOT is a state agency that is "immune from suit." *Alexsis, Inc. v. Terry*, 675 So. 2d 1321, 1323 (Ala. 1996); *see also Ex parte Alabama Department of Transportation*, 764 So. 2d 1263 (Ala. 2000).

While the Plaintiffs have not directly sued ALDOT, the Plaintiffs make claims against specific ALDOT employees. Sovereign immunity also protects state employees, "who enjoy immunity from an action filed against them in either their official or individual capacity if the action is, in substance, one against the State." *Ex parte Alabama Department of Transportation*, 764 So. 2d 1263, 1267 (Ala. 2000). The Plaintiffs filed this Complaint because ALDOT, the agency with the statutory authority to grant billboard permits, had not yet granted (or denied) its permits for billboards. Clearly, this is a disguised action against ALDOT.

The Alabama Constitution does not merely prohibit the state from being sued, but ensures that "this cannot be *indirectly* accomplished by suing its officers or agents in their official capacity…." *Ex parte Alabama Dept. of Mental Health and Mental Retardation*, ---So.2d----, 2006 WL574311 (Ala. 2006). The Court found as a matter of law in *Alabama Dept. of Mental Health* that the monetary claims against state employees in their official capacities were barred

by sovereign immunity. *Id.* at *3; *see also* Art. I, § 14, Alabama Constitution of 1901; *Ex parte Butts*, 775 So. 2d 173, 177 (Ala. 2000).

Simply put, a suit against state employees in their official capacities is a suit against the State. *Ex parte Mobile County Dept. of Human Resources*, 815 So. 2d 527 (Ala. 2001). "A trial court must dismiss an action against a State agency or against a State agent acting in an official capacity at the earliest opportunity." *Burgoon v. Alabama State Dept. of Human Resources*, 835 So.2d 131 (Ala. 2002). In *Burgoon*, the trial court properly dismissed claims against state employees in their official capacities because facially these claims were against the State. Because this Complaint is essentially one against ALDOT and because it seeks money damages, this Court should wholly dismiss this suit.

Not only are the ALDOT employees due to be dismissed on the basis of sovereign immunity, but they are entitled to qualified immunity for the suit in their individual capacities. *Burgoon v. Alabama State Dept. of Human Resources*, 835 So. 2d 131 (Ala. 2002). A state employee who is sued in his individual capacity may be entitled to qualified immunity if he was engaged in the exercise of a discretionary function within the scope of his employment. *Nance v. Matthews*, 622 So. 2d 297 (Ala. 1993). Whether a defendant was exercising a discretionary function and therefore immune is a question of law to be decided by the trial court. *Grant v. Davis,* 537 So.2d 7 (Ala.1988).

It is true that the immunity is not absolute and does not protect State employees if a plaintiff alleges that the employee acted willfully, maliciously, illegally, fraudulently, in bad faith, beyond his authority, or under a mistaken interpretation of the law. However, there are no such allegations here. This Alabama Supreme Court has consistently held that claims made against state agents in their individual capacity are barred by qualified immunity whenever the

5

acts that are the basis of the alleged liability were performed within the course and scope of the officer's employment.  *Ex parte Davis*, 2005 WL 3082778 (Ala. 2005).  Here, the Alabama Legislature expressly grants the authority to control the erection of billboards to ALDOT, through the Director of Transportation.  Ala. Code § 23-1-274.  The Director of Transportation has the authority to adopt rules and regulations to carry out his responsibility in this matter.  Ala. Code § 23-1-286.  The Director of Transportation delegates his discretionary responsibilities to other ALDOT employees in ALDOT's Maintenance Manual.  These ALDOT employees, who have been sued herein, are charged with following state and federal laws when making determinations related to outdoor advertising.  Ala. Code § 23-1-270 et seq.  Because these are discretionary decisions, the ALDOT employees are entitled to qualified immunity.

/s/ Roger L. Bates
ROGER L. BATES (BAT006)
MARK T. WAGGONER (WAG005)
TRACY R. DAVIS (DAV149)
Attorneys for Defendant
Alabama Department of Transportation

OF COUNSEL:
HAND ARENDALL, L.L.C.
2001 Park Place North, Suite 1200
Birmingham, AL  35203
(205) 324-4400 telephone
(205) 322-1163 facsimile

6

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| ACTION OUTDOOR ADVERTISING J.V., LLC., | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) CASE NO. 2:06cv426-DRB ) |
| JOE MCINNES, et al., | ) ) |
| Defendant. | ) |

**CERTIFICATE OF SERVICE**

I hereby certify that on June 21, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/EF system which will send notification of such filing to the following:

Nicholas J. Cervera          ncervera@troycable.net
Frank Ralph                  fralph@troycable.net

that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

E. Adam Webb
The Webb Law Group, LLC
2625 Cumberland Parkway SE
Suite 220
Atlanta, GA 30339

/s/ Roger L. Bates
ROGER L. BATES (BAT006)
MARK T. WAGGONER (WAG005)
TRACY R. DAVIS (DAV149)
HAND ARENDALL, L.L.C.
2001 Park Place North, St. 1200
Birmingham, Alabama 35203
Telephone:   (205)-324-4400
Facsimile:    (205)-322-1163
rbates@handarendall.com
mwaggoner@handarendall.com
tdavis@handarendall.com